# Exhibit C

Case 1:07-cv-06306　　Document 7-4　　Filed 12/05/2007　　Page 1 of 8

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 02-B 02474 |
| | ) | (Jointly Administered) |
| KMART CORPORATION, et al., | ) | Claim No. 42242 |
| | ) | Chapter 11 |
| Debtors. | ) | Hon. Susan Pierson Sonderby |

### ORDER re Floorgraphics Discovery

Upon consideration of the Motion to Compel Discovery from Claimant FLOORgraphics, Inc. (the "Kmart Motion")*, FLOORgraphics, Inc.'s Opposition to Kmart's Motion to Compel Discovery from FLOORgraphics, Inc. and FLOORgraphics' Motion for Protective Order to Protect Attorney-Client Privilege from Kmart Subpoenas to FGI's Former Counsel ("FGI Protective Order Motion"), and the argument of counsel; and the Court being fully advised in the premises, it is hereby ordered, adjudged and decreed that:

1.  Category 1 of the Kmart Motion provides: "The originals of all documents in FGI's possession which FGI claims form the contract between FGI and Kmart, including the March 24, 1998, letter from Ken Kramer to George Rebh, Schedule "A" to the RALA of March 18, 1998, Addenda and any other document claimed by FGI to form part of the written contract between the parties (the "RALA")." FGI shall review its files and those of all of its present and former counsel in the attempt to locate the originals of the Kramer Letter, the George Rebh Memorandum, the 1998 RALA, the Addendums to the 1998 RALA, and Schedule A to the RALA. FGI shall immediately produce any such originals as soon as they are found. By September 14, 2007, FGI shall report to Kmart what has or has not been found. As used herein,

---

\* Unless otherwise defined, all capitalized terms shall have the meanings ascribed to them in the Kmart Motion.

#294608-v1

"original" would include any documents that do not bear the fax identifier addressed to White & Williams LLP as well as the documents identified above bearing the inked signatures of the signatories.

2. Category 7 of the Kmart Motion provides: "All documents related to any transaction or potential transaction between FGI and Catterton-Simon Partners, LLP or Catterton-Simon Managing Partner III, a Delaware LLC, specifically including, but not limited to, any reference to the Kramer letter of March 24, 1998." FGI shall identify by bates number any documents previously produced with respect to this category. FGI shall produce any additional documents by September 14, 2007, including but not limited to the transaction documents concerning Catterton-Simon.

3. Category 9 of the Kmart Motion provides: "The report of John W. Wills in the case of FLOORgraphics, Inc, v News America Marketing In-Store Services Inc, et al., Civil Action No. 04-3500 (AET), in the United States District Court for the District of New Jersey (the "NJ Litigation") and all documents reviewed or produced by Mr. Wills in connection with that report." Category 10 of the Kmart Motion provides: "The report of John W. Wills in any other case involving FGI and all documents reviewed or produced by Mr. Wills in connection with any such report." FGI will, upon the execution of a stipulation in form and substance mutually satisfactory to counsel for Kmart, FGI, and News America Marketing In-Store Services, Inc., ("NAMIS") or, if requested by FGI, an order in the NJ Litigation, FGI will produce to Kmart the unredacted report of John Wills from the NJ Litigation (and any revisions or other versions of it) as well as all documents previously produced to counsel for NAMIS in the NJ Litigation, and Mr. Wills' billing records in both the NJ Litigation and in this Bankruptcy Case; provided, however, that such billing records shall not be disclosed by Kmart to counsel for NAMIS.

4. Category 11 of the Kmart Motion provides: "All documents related in any way to Kathleen Padden or Primary Marketing and FGI, Kmart or the RALA." FGI will produce any other responsive documents and things in its possession or control not previously produced, including without limitation sales spreadsheets reflecting Kmart ads or sales for ads at Kmart stores and any non-privileged documents relating to the litigation concerning Kathleen Padden or Primary Marketing against FGI for commissions.

5. Category 12 of the Kmart Motion provides: ""Xcel" "native" file format spreadsheets of all spreadsheets already produced by FGI in PDF or other form." FGI will provide in native Xcel file format any files identified by counsel for Kmart as having been previously produced in Adobe Acrobat format on the hard drive produced to Kmart. In addition, FGI will produce in native Xcel file format any spreadsheets created by Mr. Wills or his associates, and any spreadsheets furnished by FGI to Mr. Wills, that were not previously produced to Kmart in native Xcel file format.

6. Category 13 of the Kmart Motion provides: "The Richard Rebh copy of the closing binder from May of 1998 related to a transaction with Interlaken Capital or others investing in or otherwise providing funds for use by FGI." Counsel for FGI will make Richard Rebh's May 1998 closing binder related to the Interlaken Capital transaction available for inspection by Kmart's counsel; FGI will endeavor to bring the binder to the next deposition scheduled in this matter.

7. Category 4 of the Kmart Motion provides: "Any fax cover sheet, telephone bill or other document showing when the George Rebh memo or request to Ken Kramer of March 20, 1998, (referenced at page 4 of the transcript of proceedings before this Court on December 12, 2006) was sent, the number it was sent from and the number it was sent to." Category 5 of the

Kmart Motion provides: "Any fax cover sheet, telephone bill or other document showing when the George Rebh March 27, 1998, "Thank You" memo to Ken Kramer (referenced at page 6 of the transcript of proceedings before this Court on December 12, 2006) was sent, the number it was sent from and the number it was sent to." By September 14, 2007, FGI shall produce any fax cover sheets which are responsive to those categories as well as telephone billing records for service on its voice and fax lines for the month of March 1998.

8.  Category 6 of the Kmart Motion provides: "All documents in the possession of FGI or its current or former auditors, including work papers related to audits of FGI." Counsel for FGI shall provide its consent so that the accounting firms who prepared FGI's audited financial statements for FGI's Fiscal Year Ending June 30, 1998, FGI's Fiscal Year Ending June 30, 1999, and FGI's Fiscal Year Ending June 30, 2000 may produce their audit workpapers or other documents relating to FGI's transactions concerning Kmart. The Court may revisit this issue and extend the scope of the production concerning this Category 6.

9.  Category 8 of the Kmart Motion provides: "All documents sent to or received from SPAR Marketing related in any way to performance of the RALA of March 18, 1998, including modifications to the Agreement as well any other documents related to SPAR Marketing and the RALA of March 18, 1998." FGI shall produce all documents concerning Category 8 as it relates to Kmart for years 1998 through 2002.

10. With respect to the relief requested in the FGI Protective Order Motion, current counsel for FGI shall be entitled to review in their own offices any files potentially containing documents responsive to subpoenas served on White & Williams LLP or Butzel Long, P.C. prior to production to Kmart in this case. FGI's current and former counsel are free to work out the transfer of files among themselves.

11. Each party shall bear its own costs regarding the Kmart Motion and FGI Protective Order Motion.

12. Kmart's expert damages report shall be served on or before September 20, 2007.

13. A further status hearing shall be held on this matter on October 3, 2007 at 11:00 a.m., at which time the parties will report upon the status of production and discovery, their choice of possible mediators selected from the bench of this Court and the scope of any such mediation. A further status hearing will be held on November 6, 2007 at 10:00 a.m.

Dated: 9.11, 2007

ENTERED:

Hon. Susan Pierson Sonderby

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | | |
|---|---|---|---|
| **Honorable** | Susan Pierson Sonderby | **Hearing Da** | 11-5-07 |
| **Bankruptcy Case No.** | 02-02474 | **Adversary No.** | |
| **Title of Case** | Kmart Corporation | | |

**Brief Statement of Motion**: Kmart Corporation's Motion for Further Discovery and Memorandum of Law in Support (Claim of FLOORgraphics, Inc.) (Docket No. 31208)

**Names and Addresses of moving counsel**:

William J. Barrett
Barack Ferrazzano, et al.
200 West Madison St., Ste 3900
Chicago, IL 60606

J. Mark Fisher
Schiff Hardin LLP
6600 Sears Tower
Chicago, IL 60606

**Representing**: Kmart Corporation | Floorgraphics, Inc.

## ORDER

For the reasons set forth on the record on October 24, 2007, within the next 30 days Kmart Corporation may take the deposition by subpoena of attorney Michael J. Mentzel of the law firm of White & Williams.

_____
United States Bankruptcy Judge

11-5-07

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | | |
|---|---|---|---|
| **Honorable** | Susan Pierson Sonderby | **Hearing Date** | 11-5-07 |
| **Bankruptcy Case No.** | 02-02474 | **Adversary No.** | |
| **Title of Case** | Kmart Corporation | | |

**Brief Statement of Motion**

Kmart Corporation's Motion To Compel Further Discovery From Claimant Floorgraphics' Auditors Pursuant to This Court's September 11, 2007 Order and Memorandum of Law in Support (Docket No. 31156)

**Names and Addresses of moving counsel**

William J. Barrett

Barack Ferrazzano, et al.
200 West Madison St., Ste 3900
Chicago, IL 60606

J. Mark Fisher

Schiff Hardin LLP
6600 Sears Tower
Chicago, IL 60606

**Representing**

Kmart Corporation

Floorgraphics, Inc.

## ORDER

For the reasons set forth on the record on October 24, 2007, Floorgraphics, Inc. ("FGI") shall immediately cause its current and former auditors (Deloitte, Ernst & Young, McGladrey & Pullen) to make available for inspection by counsel for Kmart Corporation all of their "work paper files" related to FGI, for FGI's fiscal years 1998 through 2007.

United States Bankruptcy Judge

11.5.07