# Exhibit D

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 02-B02474 |
| | ) | (Jointly Administered) |
| KMART CORPORATION, et al. | ) | Chapter 11 |
| | ) | Hon. Susan Pierson Sonderby |
| Debtors. | ) | |

**REVISED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER
REGARDING CLAIM OF FLOORGRAPHICS, INC.**

Debtor Kmart Corporation ("Kmart"), FLOORgraphics, Inc. ("FGI") and News America Marketing In-Store Services, Inc. and News America Marketing In-Store, Inc. (collectively "NAMIS") (as to all of the foregoing, individually "Party" and collectively "Parties") hereby jointly, through their respective counsel, agree and stipulate under Fed. R. Civ. P. 26(c), and LR 26.2, and LR 5005-4 to this Order as follows:

**THE PRIOR ORDERS**

1. On or about March 21, 2002, this Court entered an agreed Confidentiality Agreement and Protective Order regarding certain information produced in connection with certain litigation between Kmart and FGI.

2. On January 11, 2005, the Court entered an Agreed Order regarding disclosure of documents in connection with (a) this bankruptcy proceeding involving the claims of FGI against Kmart (the "Kmart Litigation") and (b) the case entitled FLOORgraphics, Inc. v News America Marketing In-Store Services Inc., et al., Civil Action No. 04-3500(AET), in the United States District Court for the District of New Jersey (the "NJ Litigation").

3. The Court has entered other confidentiality orders from time to time in connection with the Kmart Litigation and the NJ Litigation, including a May 12, 2005 Order allowing Kmart's reply brief in support of its summary judgment motion in the Kmart Litigation to be filed under seal.

4. To reflect some of the changed circumstances since entry of the first order in 2002, and to avoid further orders and/or confusion as to what orders or provisions of orders still apply, FGI and Kmart desire to simplify the protective order restrictions in this case through this one Order. Nothing in this Order, however, shall entitle any Party to use information protected by this Order for any purpose other than for use in the Kmart Litigation or the NJ Litigation.

5. This Order supersedes and replaces any and all prior orders of this Court governing confidentiality of materials in the Kmart Litigation and the NJ Litigation.

## CONFIDENTIALITY DESIGNATIONS

6. "Confidential Information" means any type of information which is designated as confidential, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise. "Confidential Information" may only be used for purposes of the Kmart Litigation or the NJ Litigation.

7. <u>The "CONFIDENTIAL" Designation</u>: Documents and things produced which contain "Confidential Information" shall be designated as such by marking each page of the document, or the cover page of a multi-page document, with the designation of "CONFIDENTIAL" (or words of similar effect).

8. Only the persons identified below shall be authorized to view Confidential Information designated as "CONFIDENTIAL" and with the exception of those persons identified in (a), (b) and (h) below, shall only be authorized to view such Confidential Information if they agree in writing (e.g., placing their signature on a copy of this document) or agree on the record at a deposition, to abide by the terms hereof:

    (a) attorneys of record in the Kmart Litigation or NJ Litigation and any associates, secretaries, paralegals, law clerks, support staff employees;

    (b) in-house counsel for Kmart;

2

   (c)   independent experts to whom it is necessary that the information be disclosed for purposes of the Kmart Litigation or NJ Litigation;

   (d)   current employees (including officers and directors) of any party in the Kmart Litigation, and any former employee of any party who counsel believes in good faith may be a witness in the Kmart Litigation;

   (e)   current employees (including officers and directors) of any party in the NJ Litigation, and any former employee of any party who counsel believes in good faith may be a witness in the NJ Litigation;

   (f)   any person whose name appears on the document as author, addressee or distribution recipient or who otherwise had previously seen or had such document through employment by one of the parties to the Kmart Litigation;

   (g)   any person whose name appears on the document as author, addressee or distribution recipient or who otherwise had previously seen or had such document through employment by one of the parties to the NJ Litigation; and

   (h)   the Court and Court personnel.

9.  The "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation: Documents and things designated as "Confidential Information" may be further restricted by the additional designation of such information as "CONFIDENTIAL ATTORNEY EYES ONLY" (or words of similar effect) to the extent such information constitutes highly confidential trade secret, financial, or technical information, or information of value to a competitor or which could cause the producing party to lose any commercial or technical advantage if disclosed to another party.

All persons set forth in section 8 are authorized to view Confidential Information designated as "CONFIDENTIAL ATTORNEY EYES ONLY," except those persons described only in sections 8(d) and 8(e), and not in any other subsections of section 8.

10. The undersigned parties may challenge any designation or request a change to this order by filing the appropriate motion in this Court.

3

11. This Order shall apply to all documents and filings previously marked with the same or similar designations above, as if this Order were in effect at the time such documents were produced or filed with any Court.

## FILINGS WITH THIS COURT

12. All documents, transcripts, pleadings, papers, exhibits, etc. related to the Kmart Litigation that have been or will be filed in this Court shall be deemed Confidential under the terms of this Order. Only those persons set forth in section 9 shall be entitled to view such materials that have been filed or will in the future be filed under seal. No other persons shall be entitled to view such sealed material without further order of this Court.

13. The undersigned parties may redact filings containing Confidential Information prior to filing with this Court. Only filings that contain, specifically reference or quote from materials protected by this Order shall be filed under seal. Pursuant to Local Bankruptcy Rule 500-4, any such filing shall be a "restricted document" within the meaning of Local Bankruptcy Rule 5005-4 and the Clerk of the Court for this Court ("Clerk of the Court") shall restrict access to such filing as set forth in this Order. When filing such materials with the Clerk of the Court, the filing party shall place the materials in an envelope marked "Filed as Restricted Document pursuant to paragraph 13 of the Revised Confidentiality Agreement and Protective Order Regarding Claim of FLOORgraphics, Inc. dated July ___, 2005" and the filing party shall provide a copy of this Order to the Clerk of the Court. The Clerk of the Court may allow the following persons to have access to such sealed documents without further order of this Court:

    (a)    William J. Barrett or Mark R. Mackowiak of the firm Barack Ferrazzano Kirschbaum Perlman & Nagelberg, LLP;

    (b)    Patrick M. McCarthy, James H. Geary or Cara Heflin of the firm Howard & Howard Attorneys, P.C.; and

    (c)    J. Mark Fisher, Michael Yetnikoff, or Patricia J. Fokuo of the firm Schiff Hardin LLP.

## DEPOSITIONS

14. Deposition transcripts may be marked with the same designations set forth in this Order. The entire transcript shall be designated as requested at the deposition by any attorney for a party. Within thirty (30) days after receipt of the transcript, the designating party shall identify the specific portions of the deposition transcript to which the designation applies, and the balance of the transcript shall no longer be subject to this Order.

## THE NEW JERSEY LITIGATION

15. To ensure free, but confidential exchange of information in related litigation between appropriate persons, the parties to the NJ Litigation agree to present an order having substantially similar terms to this Order to the New Jersey District Court for entry.

**AGREED TO BY:**

**KMART CORPORATION**

By: *William Barnett*
Counsel for Kmart Corporation

**FLOORGRAPHICS, INC.**

By: *Michael Yetnikoff*
Counsel for FLOORgraphics, Inc.

**NEWS AMERICA MARKETING IN-STORE SERVICES, INC**
**NEWS AMERICA MARKETING IN-STORE, INC.**

By: *Lee N. Abrams*
Counsel for NAMIS

Dated: Chicago, Illinois
August 22, 2005

SO ORDERED:

**ENTERED**

SEP 2 0 2005

SUSAN PIERSON SONDERBY
BANKRUPTCY JUDGE

Chief Judge Susan Pierson Sonderby
United States Bankruptcy Judge

5