07-6306.081-JCD                                    January 29, 2008

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

KMART CORPORATION,                )
                                  )
            Plaintiff,            )
                                  )
        v.                        )
                                  )      No. 07 C 6306
FLOORGRAPHICS, INC.,              )
                                  )
            Defendant.            )

## MEMORANDUM OPINION

Before the court is the motion of Floorgraphics, Inc. ("FGI") to withdraw the reference to the bankruptcy court of Kmart Corporation's objection to FGI's Claim No. 42242. For the reasons explained below, the motion is denied.

## BACKGROUND

On March 18, 1998, FGI and Kmart Corporation ("Kmart") entered into a written Retail Advertising License Agreement pursuant to which Kmart licensed FGI to place advertising decals on the floors of Kmart stores and FGI agreed to pay Kmart the greater of certain minimum guaranteed license fees or a certain percentage of the gross fees that FGI collected from advertisers.

Kmart and FGI later amended their contract, but the extent to which it was amended is in dispute. One issue is whether the contract was modified by a letter written by Ken Kramer of Kmart (the "Kramer Letter"). This issue arose in 2001 when Kmart

- 2 -

notified FGI that it would not extend the contract beyond March 2002, which Kmart contended was the term the parties had agreed upon.  FGI asserted that through the Kramer Letter, the parties had extended their agreement beyond March 2002.  Further complicating matters, in October 2001, Kmart entered into a floor advertising agreement with another entity called NAMIS (the "NAMIS Agreement").  FGI contended that the NAMIS Agreement violated the exclusivity provisions of its contract with Kmart.  Kmart filed a federal declaratory judgment action in the Eastern District of Michigan, and FGI counterclaimed for breach of contract.

On January 22, 2002, Kmart filed a voluntary petition for reorganization pursuant to Chapter 11 of the United States Bankruptcy Code.  The petition was filed here in the Northern District of Illinois.  Due to the bankruptcy filing, the action pending between Kmart and FGI in the Eastern District of Michigan was stayed; later, it was administratively closed.

As part of the bankruptcy action, Kmart filed a motion for an order approving the rejection of its contract with FGI.  Bankruptcy Judge Sonderby granted the motion, thereby triggering a breach of the contract.  FGI filed a Proof of Claim, which has been amended twice and is now for the amount of $9,818,947.00.  Kmart objected to FGI's claim, and various proceedings relating to the claim have occurred in the bankruptcy court, the details of which are discussed infra.

- 3 -

In October 2007, Kmart refiled its claim against FGI in the Eastern District of Michigan.  The Michigan action is pending before Judge John Feikens.  Kmart's position is that the refiling is necessary because in the claim objection proceeding, Judge Sonderby may lack jurisdiction to enter a money judgment in favor of Kmart as post-confirmation debtor.  Of course, the parties dispute which party will end up ahead when all is said and done, but Kmart claims that FGI is liable to Kmart for $2 million and that if Judge Sonderby allows FGI's claim at zero, Kmart may then be entitled to a judgment against FGI for the amounts FGI owes to Kmart.  Judge Feikens recently entered an order staying the Michigan action pending resolution of FGI's claim in the Kmart bankruptcy proceeding.[1]

In November 2007, FGI filed the instant motion to withdraw the reference to the bankruptcy court of Kmart's objection to FGI's claim.

## **DISCUSSION**

In <u>Coe-Truman Technologies, Inc. v. United States (In re Coe-Truman Technologies, Inc.)</u>, 214 B.R. 183 (N.D. Ill. 1997), our colleague Judge Andersen described the origins of motions to

---

[1] On January 17, 2008, Judge Feikens entered an order indicating that he had granted the motion to stay the case without the benefit of a response from FGI, and that accordingly, he would reconsider his ruling on the motion to stay and allow further briefing.

- 4 -

withdraw cases or proceedings referred to the bankruptcy court as follows:

> The Bankruptcy Amendments and Federal Judgeship Act of 1984 ("the Bankruptcy Act") was enacted in response to the Supreme Court's decision in Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50, 102 S. Ct. 2858, 73 L. Ed. 2d 598 (1982), which recognized that Congress had erroneously assigned adjudicative authority of Article III courts to bankruptcy judges.  The Bankruptcy Act vests in the district courts original jurisdiction over all cases arising under Title 11 of the Bankruptcy Code, see 28 U.S.C. § 1334(b), but also permits the federal courts to refer bankruptcy cases automatically to the bankruptcy judges for the district.  28 U.S.C. § 157(a).  The Act provides, however, for the reference to be withdrawn in certain situations.

214 B.R. 183 at 184.  The standards for withdrawal of the reference are set forth in the Bankruptcy Act as follows:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.  The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).  The second sentence of § 157(d), the "mandatory withdrawal" provision, is not at issue here.  FGI seeks relief only under the first sentence, the "permissive withdrawal" provision, which permits withdrawal "for cause."

"Even though Congress provided no statutory definition of the word 'cause,' the courts have made it plain that this is not an

empty requirement." <u>Parklane Hosiery Co. v. Parklane/Atlanta Venture (In re Parklane/Atlanta Joint Venture)</u>, 927 F.2d 532, 536 (11th Cir. 1991). When evaluating "cause," we take several factors into account: the core/non-core nature of the proceeding, the most efficient use of judicial resources, uniformity of bankruptcy administration, prevention of forum shopping, and avoiding delay and costs to the parties. <u>South St. Seaport Ltd. P'ship v. Burger Boys, Inc. (In re Burger Boys, Inc.)</u>, 94 F.3d 755, 762 (2d Cir. 1996). The most important factor is whether a proceeding is core or non-core because this issue encompasses considerations of uniformity and efficiency. <u>Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)</u>, 4 F.3d 1095, 1101 (2d Cir. 1993).

28 U.S.C. § 157(b)(2)(B) explicitly provides that core proceedings include the allowance or disallowance of claims against the bankruptcy estate, and FGI concedes that the claim objection is a core proceeding. This does not end our inquiry, but FGI thus faces an uphill battle on the other factors.

FGI argues that withdrawal of the reference will promote judicial economy while not delaying adjudication. In FGI's view, "duplicative proceedings" could be reduced to a single forum were the reference withdrawn and the claim objection then transferred to Judge Feikens. We see the judicial economy factor differently. Bankruptcy Judge Sonderby has presided over FGI's claim for a

- 6 -

number of years and is very familiar with the facts and the parties' positions. She not only has adjudicated various discovery disputes but also has delved into the merits of the claim and the objection. Kmart moved for summary judgment or an order in limine regarding damages; Judge Sonderby denied the motion as to summary judgment but did enter an order barring introduction of the Kramer Letter. FGI moved for reconsideration of the in limine ruling, and Judge Sonderby deferred ruling on that motion until trial. In another lengthy ruling, Judge Sonderby denied a successive motion by Kmart for summary judgment (the motion was premised on the court denying FGI leave to amend its claim, but Judge Sonderby granted FGI leave to amend). Conversely, the Michigan action has not progressed beyond the pleadings stage.

Given the time and effort Judge Sonderby has spent on this proceeding and the fact that she is in the best position to interpret and enforce her prior rulings, it is our opinion that judicial economy, uniformity of bankruptcy administration, and considerations of delay and cost all would be served by allowing the reference to the bankruptcy court to stand. The prevention of forum shopping also would be served. On this point, FGI attempts to divert the focus by arguing that Kmart "chose the Michigan District Court as its forum for the Michigan Complaint," Motion at 8, but fails to acknowledge that Kmart promptly moved to stay the Michigan action shortly after refiling it. We suspect that FGI is

- 7 -

actually the party that is motivated by forum shopping.  Judge Sonderby barred FGI from introducing the Kramer Letter, which is the linchpin of FGI's breach of contract claim.  It is true that FGI has moved for reconsideration of that ruling and that Judge Sonderby has deferred decision until trial, but as it now stands, the letter is excluded from evidence.

FGI has failed to demonstrate "cause" for withdrawal of the reference to the bankruptcy court.  (Therefore, we need not decide whether FGI's motion was "timely," a matter that the parties dispute.)

<u>**CONCLUSION**</u>

For the foregoing reasons, the motion of Floorgraphics, Inc. to withdraw the reference to the bankruptcy court of Kmart Corporation's objection to Floorgraphics, Inc.'s Claim No. 42242 is denied.


DATE:     January 29, 2008



ENTER:    _____

          John F. Grady, United States District Judge